**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

JANE DOE,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.,

Defendants.

Case No. 2:26-cv-00080-JHC

**PROTECTIVE ORDER GOVERNING PLAINTIFF'S PSEUDONYMITY AND THE USE OF DOE PII**

This matter comes before the Court on Plaintiff's Motion to Proceed Under Pseudonym, for Protective Order, and to Maintain Plaintiff's Identity Declaration Under Seal / Court-Only Access. Dkt. # 9. The Court, under Federal Rules of Civil Procedure 10(a), 17, 5.2(e), and 26(c), LCR 5(g), and its inherent authority, ORDERS:

1. **Pseudonym.** Plaintiff may prosecute this action as "Jane Doe" in all pleadings, filings, hearings, and orders.

2. **Doe PII defined.** "Doe PII" means Plaintiff's true legal name, alien registration ("A") number, naturalization certificate number, date of birth, residential address, signature, and any other information that identifies or tends to identify Plaintiff, including household

information that identifies or tends to identify Plaintiff. It does not include generic, nonidentifying allegations, public docket text, or legal theories.

3. **Court-only materials and notice-and-election procedure.** "Court-only identity materials" means the Declaration of Jane Doe (Complaint Exhibit B) and any other declaration, exhibit, lodging, or verification material that identifies or tends to identify Plaintiff, including materials bearing on identity, capacity, authorization, or standing. "Notice-and-election procedure" means prior notice to Plaintiff and a reasonable opportunity to withdraw the materials, seek reconsideration, request a stay, seek appellate relief, or voluntarily dismiss before disclosure.

4. **No service or disclosure of Doe PII.** Plaintiff need not serve, disclose, lodge with Defendants, or otherwise provide Doe PII or court-only identity materials to Defendants unless the Court enters a further order expressly requiring disclosure after the notice-and-election procedure.

5. **Court-only verification and sealed treatment.** If the Court requires identity, capacity, authorization, or standing verification, Plaintiff shall provide it to the Court only, *ex parte* and *in camera*, by a method approved by the Court or Clerk that restricts access to the Court and Court staff and does not generate notice, access, service, or disclosure to Defendants or any non-court user. The Declaration of Jane Doe and any court-only identity materials shall be maintained under court-only access or seal unless the Court orders otherwise after the notice-and-election procedure.

6. **No conversion or automatic disclosure.** Court-only identity materials shall not be converted into ordinary sealed, restricted, or public docket materials or disclosed through the NEF, ECF access, service, chambers email, Clerk transmission, or any other mechanism unless the Court first enters a further order requiring disclosure after the notice-and-election procedure. Denial, modification, expiration, or dissolution of any pseudonymity, sealing, court-only, or protective-order request shall not by itself disclose Doe PII or court-only identity materials.

7. **Permitted use of litigation-derived Doe PII.** "Authorized litigation team" means Department of Justice litigation counsel assigned to defend this action and necessary litigation-support staff working under their direction and bound by this Order. It does not include agency operational, screening, vetting, watchlisting, denaturalization, naturalization-revocation, immigration-enforcement, or referral personnel absent further order. Any Doe PII derived or learned from or through this litigation may be used only by the authorized litigation team, and only to conduct conflict checks, comply with court orders, preserve relevant records, and defend this action.

8. **Prohibited operational use.** Doe PII derived or learned from or through this litigation shall not be disseminated to, or used by, any person for any investigation, referral, screening, vetting, watchlisting, denaturalization, naturalization-revocation, immigration-enforcement, records-annotation, or other operational purpose, absent further order of the Court.

9. **Independent-source, preservation, and conflict-check carveouts.** Nothing in this Order prohibits Defendants from acting on information demonstrably obtained from sources wholly independent of this litigation, provided that Doe PII derived or learned from or through this litigation is not used to identify, confirm, validate, supplement, disseminate, or operationalize that independent information. Nothing prevents litigation counsel from conducting conflict checks or issuing narrowly tailored litigation-hold or preservation instructions, provided Doe PII is not disclosed outside the authorized litigation team or used for any operational purpose. Non-identifying litigation-hold or preservation instructions may be issued to agency personnel.

10. **Later need for identity-specific information.** Any later-asserted need for identity-specific information shall be raised by motion and litigated without interim disclosure of Doe PII. The Court will determine the least-disclosive procedure adequate to the issue, and Plaintiff shall receive the notice-and-election procedure before any disclosure occurs.

11. **Remedies.** Violations of this Order may be addressed by contempt, sanctions, evidentiary relief, or other appropriate relief.

12. **Survival.** The protections of this Order survive the dismissal, withdrawal, entry of judgment, or appeal of this action, and remain binding unless modified by a further order of the Court.

13. Upon appearing in this matter, any Defendant may move to vacate or modify this Order.

DATED this 27th day of July, 2026.

JOHN H. CHUN
United States District Judge